IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY JONES, #B-02136,
    Plaintiff,

vs.                                      Case No.: 3:10cv373/MCR/EMT

MS. BIVENS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff seeks monetary damages and injunctive relief from employees or agents of the Florida Department of Corrections on the ground that they exposed him to unconstitutional conditions of confinement and deprived him of adequate medical care in violation of the Eighth and Fourteenth Amendments (*id.*). Plaintiff paid the filing fee (Doc. 5).

    Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 3–4).[1] Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Question C further states, "If YES, describe each action in the space provided below." (*id.*). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No" (*id.*). Thus, Plaintiff effectively stated that he has <u>never</u> initiated any other actions in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement (*id.*). Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*id.* at 4). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No" (*id.*). Thus, Plaintiff in effect stated that he has <u>never</u> had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 9).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Case No.: 3:10cv373/MCR/EMT

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, September 22, 2010, he had previously filed <u>Jones v. Department of Corrections.</u>, Case No. 3:09cv540/MCR/MD in this district court.[2] Further review reveals that Plaintiff was incarcerated at the time he filed that case, and the case related to the conditions of Plaintiff's confinement (the complaint alleged that employees of the Department of Corrections stole or misplaced Plaintiff's personal property when he was transferred to another institution). <u>Jones v. Department of Corrections.</u>, Case No. 3:09cv540/MCR/MD, Complaint (N.D. Fla. Dec. 8, 2009). The case was dismissed on February 3, 2010, prior to service. *See id.*, Order (N.D. Fla. Feb. 3, 2010). Plaintiff did not list this case in Section IV of his complaint, even though it qualified as a federal court action that was responsive to both Questions C and D and should have been included in Plaintiff's answers to those questions.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

[2] According to the docket, the inmate number of the plaintiff in Case No. 3:09cv540/MCR/MD, that is, Inmate #B-02136, is the same as Plaintiff's (*see* Doc. 1 at 1).

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 3) (emphasis and capitalization in original).

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4]  *See*, *e.g.*, Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two of which were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 16th day of November 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only**. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**